UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| MOBILE CHARGING SOLUTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VOXX INTERNATIONAL CORPORATION, ) <br> ) <br> Defendant. ) | C.A. No.: <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Mobile Charging Solutions, Inc. ("MCS"), by and through its attorneys, files this Complaint for Patent Infringement against Defendant, Voxx International Corporation ("Voxx"), and avers as follows:

## PARTIES

1. MCS is a corporation formed and existing under the laws of Delaware, having its registered office at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. MCS is the owner, through assignment, of the entire right, title and interest in United States Patent No. 7,483,272, entitled "PORTABLE HAND HELD MULTI-SOURCE POWER INVERTER WITH PASS THROUGH DEVICE" ("the '272 Patent").

2. Voxx is a corporation incorporated under the laws of Delaware, having its principal place of business at 180 Marcus Blvd., Hauppauge, NY 11788. Voxx's registered agent for service of process in the State of Delaware is National Corporate Services, Inc., 203 NE Front Street, Suite 101, Milford, Delaware 19963.

3. Upon information and belief, Voxx is and has been engaged in the business of manufacturing, using, marketing, offering for sale, and/or selling in the United States, and/or

importing into the United States, portable hand held power inverter devices that employ the ability to simultaneously provide one or more A.C. voltage sources and one or more D.C. voltages through a connection to an external D.C. power source.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and § 1338(a).

5.     This Court has personal jurisdiction over Defendant in this district, in that Defendant, directly or through their agents, are residents of, and/or have regularly conducted business activities in this district; have committed infringing activities in this district by manufacturing, using, marketing, offering for sale, selling and/or importing products and systems that infringe the '272 Patent; and/or have placed products and systems that infringe the '272 Patent in the stream of commerce with the knowledge and intent that they would be used, offered for sale and/or sold by others in this district.

6.     Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## GENERAL ALLEGATIONS

7.     The '272 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on January 27, 2009, naming Saied Hussaini and Marc Iacovelli as inventors, and Intec, Inc. as assignee.  A true and correct copy of the '272 Patent is attached as Exhibit "A" hereto.

8.     The '272 Patent relates to portable hand held power inverter devices that employ the ability to simultaneously provide one or more A.C. voltage sources and one or more D.C. voltages through a connection to an external D.C. power source.

9. The '272 Patent as issued by the USPTO is valid and enforceable.

10. The '272 Patent was ultimately assigned to MCS, and MCS is the exclusive and current owner of all rights, title and interest in the '272 Patent, and is entitled to enforce the '272 Patent against infringers, including by commencing the present action.

11. Voxx has engaged and continues to engage in acts of infringement under 35 U.S.C. § 271, inter alia, by manufacturing, using, offering for sale and/or selling in the United States, portable hand held power inverter devices that employ the ability to simultaneously provide one or more A.C. voltage sources and one or more D.C. voltages through a connection to an external D.C. power source that embody each element of at least one (1) claim of the '272 Patent, including, without limitation, Independent Claim 14, either literally or by equivalence.

12. By way of example only, some of the infringing products that Voxx has specifically manufactured, used, offered for sale and/or sold in the United States, and/or imported into the United States for sale, and continues to manufacture, use, offer for sale and/or sell in the United States, and/or import into the United States for sale, are the RCA AH615R Power inverter (75W) with USB devices.

13. Voxx does not have a license or other authorization to practice the claims set forth in the '272 Patent.

## CLAIM FOR PATENT INFRINGEMENT

14. MCS incorporates by reference and in their entirety the averments set forth is paragraphs 1 through 13, inclusive, of this Complaint.

15. Voxx has manufactured, used, offered for sale, sold and/or imported into the United States for sale, and continues to manufacture, use, offer for sale, sell and/or import into

the United States for sale, portable hand held D.C. power inverter devices that infringe at least Claim 14 of the '272 Patent.

16. Voxx has caused and will continue to cause MCS substantial damage by virtue of its infringing activities.

17. MCS is entitled to recover from Voxx the damages it has sustained as a result of Voxx's infringing activities.

18. MCS hereby demands a trial by jury of all issues triable of right before a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, MCS respectfully requests the following relief:

a) That this Court enter judgment in favor of MCS and against Voxx that Voxx has infringed the '272 Patent;

b) That this Court award MCS all damages adequate to compensate Voxx for the harm it has suffered as a result of Voxx's infringement of the '272 Patent, together with pre- and post-judgment interest and costs as fixed by the Court, all pursuant to 35 U.S.C. § 284;

c) In the event that evidence is adduced through discovery or at trial that Voxx's infringement was willful and deliberate, that this Court award MCS enhanced damages pursuant to 35 U.S.C. § 284;

d) In the event that circumstances warrant a declaration that this case be declared to be exceptional, that this Court award MCS its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

e) That this Court award to MCS such other and further relief as this Court deems to be just and proper.

| | |
|---|---|
| Dated: April 13, 2015 | Respectfully submitted, |
| | FARNAN LLP |
| OF COUNSEL: | |
| | /s/ Michael J. Farnan |
| COHEN & GRACE, LLC | Brian E. Farnan (Bar No. 4089) |
| Edward C. Flynn (PA I.D. 35198) | Michael J. Farnan (Bar No. 5165) |
| Vasilios E. Sanios (PA I.D. No. 316480) | 919 N. Market Street, 12th Floor |
| 105 Braunlich Drive, Suite 300 | Wilmington, DE 19801 |
| Pittsburgh, PA 15237 | Telephone: (302) 777-0300 |
| Telephone: (412) 847-0300 | Facsimile: (302) 777-0301 |
| Facsimile: (412) 847-0304 | bfarnan@farnanlaw.com |
| eflynn@cohengrace.com | mfarnan@farnanlaw.com |
| vsanios@cohengrace.com | |
| | *Attorneys for Plaintiff* |